IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CANADIAN THERMAL WINDOWS,      )
INC., and 420820 ONTARIO LIMITED   )
 CORPORATION,                  )
                               )
            Plaintiffs,        )
                               )
    vs.                        )      No. 07 C 1784
                               )
MAGIC WINDOW COMPANY,          )
                               )
            Defendant.         )

## MEMORANDUM OPINION AND ORDER

A plaintiff sometimes brings an action in a forum where it is unlikely that there is personal jurisdiction, but suit there is convenient for plaintiff or its counsel. Plaintiffs brought suit here, which was not convenient for them, but it was convenient for their Chicago-based intellectual property counsel. Defendant resisted, and plaintiffs eventually moved to transfer the action to the Eastern District of Michigan.

Usually, in these circumstances the defendant is content to have the action transferred and seeks no other relief. But this is a case where the mouse roared. Unhappy with having allegedly spent more than $50,000 in fees and costs on the procedural skirmishing before the transfer, defendant seeks recovery of those fees and costs, claiming abuse of the judicial system. *See* Methode Electronics, Inc., v. Adams Technologies, Inc., 371 F.3d 913, 927-928 (7th Cir. 2004). Given the particular circumstances of this case, we agree. In determining reasonable fees and costs, the parties shall follow the dictates of LR 54.3.

In most cases of this nature the plaintiff can at least claim that it knew little, or certainly not enough, about defendant's activities in the designated forum to rule out litigation

there. But here the parties had had an on-again/off-again relationship for almost a decade, and plaintiffs were well aware that defendant was a business localized in southeastern Michigan. Expedited discovery turned up nothing that plaintiffs did not already know – none of which bolstered a personal jurisdiction claim. Defendant has a passive website directed to southeast Michigan. Given the nature of websites, it can be viewed elsewhere, but that is no more basis for suit in Illinois than it is in Hawaii. *See* Jackson, et al., v. The California Newspapers Partnership, et al., 407 F.Supp.2d 898 (N.D. Ill. 2005). Defendant does engage in continuing and systematic business contacts in Illinois, but only in the sense that it buys some supplies here – supplies that are wholly unrelated to this lawsuit. That is not doing business in Illinois any more than a local grocery defendant in a slip-and-fall case is doing business in Idaho because its potatoes come from there. And the inclusion of the company name, with addresses on the papers relating to those purchases, is clearly a use as a company name and not as a trademark. *See* Application of Walker Process Equipment, 233 F.2d 329 (CCPA 1956).

Suit here was doomed from the start. Even if, to plaintiffs' surprise, something turned up that gave at least a colorable claim of jurisdiction in this district, there was nothing to keep it here. Neither of the parties has any contacts in Illinois relating to this lawsuit, and any alleged infringement took place in the Eastern District of Michigan. Therefore, the case would have been transferred there in any event, a conclusion plaintiffs belatedly accepted, but not until defendant had spent a considerable amount of money totally unnecessarily.

JAMES B. MORAN
Senior Judge, U. S. District Court

Aug. 29 , 2007.