IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CANADIAN THERMAL WINDOWS, )
INC. and 420820 ONTARIO LIMITED )
CORPORATION, )
)
      Plaintiffs, )
)
vs. ) No. 07 C 1784
)
MAGIC WINDOW COMPANY, )
)
      Defendant. )

## MEMORANDUM OPINION AND ORDER

Sanctions often provoke a vigorous response, and that has been true here. Perhaps professional pride is at stake, but, for whatever reason, that facet of a litigation seeks to take on a life of its own, with briefing examining every possible implication. We think it is time to move on. Plaintiffs here moved for reconsideration. That motion is denied.

We were not convinced that plaintiffs acted in subjective bad faith. We concluded, and continue to believe, that plaintiffs' choice of forum was dictated more for the convenience of its intellectual property lawyers than by a deliberate strategy to harass the defendant. But, for the reasons previously stated, plaintiffs' conduct was vexatious, and that is objective bad faith. Pacific Dunlop Holdings, Inc v. Barosh, 22 F.3d 113, 120 (7th Cir. 1993) And, given the great expense of modern litigation, well it should be.

                                                            JAMES B. MORAN
                                           Senior Judge, U. S. District Court

Dec. 18, 2007.